In the Matter of the Claim of ERIC JIMINEZ, Appellant, v. SIEGFRIED EGENHAUSER, Doing Business as ESSEE FURNITURE Co., Respondent. WORK-MEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board which disallowed the claim upon finding that the injury sustained by claimant, during a tussle with another, "did not arise out of the course [sic] of employment." The board found upon substantial evidence that animosity had existed for some time between claimant, aged 19, employed as a general helper in a furniture and linoleum store, and one Rucker, a linoleum layer found by the board to have been a "free lance" workman and not a coemployee, and that they had engaged in a fist fight and in frequent arguments in the past; that an argument arose between them over claimant's lending to a business neighbor a ladder which claimant had borrowed from another neighbor; and that after angry words and epithets claimant ran to the back of the store to a bayonet (which claimant said he had sharpened and had hidden there sometime before), Rucker running after him with a linoleum knife in his hand, and that in the ensuing "tussle" claimant was injured when cut on the hand by the bayonet, the testimony being that they struggled over the bayonet after Rucker had dropped his knife to the floor. Concededly, the bitter animosity found had existed for many months

and originated, in part at least, over disputes concerning the work and in some part, as claimant testified, from a "personal dispute" and from Rucker's comments upon claimant's "own personal life". The employer said that claimant "hated Rucker" and had threatened to "get" him. Although at least a minor dispute arose between claimant and the employer when the latter chided claimant for lending the ladder, the words exchanged between claimant and Rucker were as to Rucker's tools; Rucker and the employer testifying that Rucker accused claimant of lending Rucker's tools just as he had loaned the ladder, and claimant stating, in context not entirely clear, that Rucker had accused him of "taking his tools from time to time". Upon this record, we may not disturb the factual determination of causation and the particular finding that while the animosity may have originated in the work relationship, the latter injury did not arise out of the employment. Thus, the original causation and the provocations of many months before may be "deemed to have curdled into private animosity and vengeance having no work-connection, although no independent ground for private animosity * * * intervened and nothing * * * happened but the passage of time." (1 Larson, Workmen's Compensation Law, § 11.13; *Matter of Adelstein* v. *Bellride Transp. Corp.*, 15 A D 2d 690, motion for leave to appeal denied 11 N Y 2d 643; *Matter of Schneck* v. *Piel's Brewery*, 11 A D 2d 826; *Matter of Zimmerman* v. *Comet Container Corp.*, 4 A D 2d 724.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.